IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MING SUN CHEUNG,<br><br>Defendant. | Case No. _____<br><br>**PLEA AGREEMENT** |

Pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure, the United States of America, by its attorneys, Jennifer Klemetsrud Puhl, Acting United States Attorney for the District of North Dakota, and Alexander J. Stock, Assistant United States Attorney; defendant, MING SUN CHEUNG; and defendant's counsel, Jeffrey Sprout, agree to the following:

1. Defendant acknowledges the Information charges a violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

2. Defendant has read the charge and defendant's attorney has fully explained the charge to defendant.

3. Defendant fully understands the nature and elements of the charged crime.

4. Defendant will voluntarily waive indictment and plead guilty to the Information.

5. The parties agree this Plea Agreement shall be filed as part of the Court record and be governed by Federal Rule of Criminal Procedure 11(c). The parties specifically agree that Rule 11(c)(1)(C) does not apply. If the United States makes the

non-binding recommendations specified in this Plea Agreement, then defendant acknowledges that this agreement will have been fulfilled. Except as provided in Rule 11(c)(5), the Court's refusal to accept any or all terms of the Plea Agreement does not give defendant a right to withdraw defendant's guilty plea.

6.  Defendant will plead guilty because defendant is in fact guilty of the charge. In pleading guilty to the Information, defendant acknowledges that:

> On or before April 23, 2025, in the District of North Dakota, MING SUN CHEUNG, knowing and in reckless disregard of the fact that certain aliens—whose initials are J.P.-T. and E.P.-L.—had come to, entered, and remained in the United States in violation of law, did conceal, harbor, and shield from detection such aliens for the purpose of commercial advantage and private financial gain. The aliens, each a citizen of Mexico or Guatemala and not a citizen or national of the United States, had in fact entered or remained in the United States in violation of law. The defendant knew or was aware of, but consciously disregarded, facts and circumstances indicating that these aliens had entered and remained in the United States in violation of the law. The defendant concealed, harbored, and shielded them from detection in the United States by employing them at the Giant Panda restaurant in Fargo, even though they were ineligible to work lawfully in the United States. Her conduct also substantially facilitated these aliens' remaining in the United States illegally by providing them a house and wages to pay for other material comforts, which also had the intent and effect of assisting in their avoiding detection by authorities.

7.  Defendant understands the following maximum penalties apply:

| | |
|---|---|
| Imprisonment: | 10 years |
| Fine: | $250,000 |
| Supervised Release: | 3 years |
| Special Assessment: | $100 |

Defendant agrees to pay the Clerk of United States District Court the special assessment on or before the day of sentencing.

2

8.     Defendant understands that by pleading guilty defendant surrenders rights, including:

(a)     The right to a speedy public jury trial and related rights as follow:

(i)     A jury would be composed of twelve (12) lay persons selected at random. Defendant and defendant's attorney would help choose the jurors by removing prospective jurors "for cause," where actual bias or other disqualification is shown; or by removing jurors without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict. The jury would be instructed that defendant is presumed innocent and that it could not return a guilty verdict unless it found defendant guilty beyond a reasonable doubt.

(ii)     If a trial were held without a jury, then the Judge would find the facts and determine whether defendant was guilty beyond a reasonable doubt.

(iii)    At a trial, whether by a jury or Judge, the United States is required to present witness testimony and other evidence against defendant. Defendant's attorney can confront and examine them. In turn, the defense can present witness testimony and other evidence. If witnesses for defendant refuse to appear voluntarily, defendant can require their attendance through the subpoena power of the Court.

(iv)    At a trial, defendant has a privilege against self-incrimination; thus, defendant can decline to testify. No inference of guilt can be drawn

3

from defendant's refusal to testify. Defendant can choose to testify, but cannot be required to testify.

(b) Defendant has a right to remain silent. However, under terms of the Plea Agreement, the Judge will likely ask defendant questions about defendant's criminal conduct to ensure that there is a factual basis for defendant's plea.

9. Defendant understands that by pleading guilty defendant is giving up all of the rights set forth in the prior paragraph, and there will be no trial. Defendant's attorney has explained those rights, and consequences of defendant's waiver.

10. The Court shall impose a sentence sufficient to comply with purposes set forth in the Sentencing Reform Act. In doing so, the Court shall consider factors set forth in 18 U.S.C. § 3553(a), and must consult and take into account the United States' Sentencing Commission, <u>Guidelines Manual</u>, (Nov. 2024) (USSG). Defendant understands that the United States Attorney's Office will fully apprise the District Court and the United States Probation and Pretrial Services Office of the nature, scope, and extent of defendant's conduct, including all matters in aggravation and mitigation relevant to the issue of sentencing. The United States expressly reserves the right to appeal from an unreasonable sentence.

11. This Plea Agreement is binding only upon the United States Attorney for the District of North Dakota. It does not bind any United States Attorney outside the District of North Dakota, nor does it bind any state or local prosecutor. They remain free to prosecute defendant for any offenses under their jurisdiction. This Plea Agreement also does not bar or compromise any civil or administrative claim.

12. Defendant understands the United States Attorney reserves the right to notify any local, state, or federal agency by whom defendant is licensed, or with whom defendant does business, of defendant's conviction.

13. The parties agree that the base offense level under the Sentencing Guidelines for defendant's conduct is 12. (USSG § 2L1.1(a)(3)). The parties further agree that a 3-level downward adjustment is appropriate, because the offense was committed other than for profit, at least insofar as the Sentencing Guidelines define that phrase. (USSG § 2L1.1(b)(1)(A)).

14. At sentencing, United States agrees to recommend a 2-level downward adjustment for acceptance of responsibility, provided defendant has demonstrated a genuine acceptance of responsibility. (USSG § 3E1.1(a)). If the presentence investigation report indicates Defendant qualifies as a zero-point offender under USSG § 4C1.1, the United States does not object to a further two-level downward adjustment.

15. The parties stipulate and agree that, as of the date of this agreement, the defendant appears to qualify for a 2-level downward adjustment for acceptance of responsibility. However, the government may, in its discretion, contest the adjustment under USSG § 3E1.1(a) should the defendant subsequently fail to continue to accept responsibility by failing to abide by the conditions of release, if applicable; by providing false information to the Court, the probation office, or the United States; by unlawfully using controlled substances; by attempting to obstruct justice; by breaching this Plea Agreement; or by acting in a way that is inconsistent with, or failing to act in any way that is consistent with the granting of the adjustment under USSG § 3E1.1(a).

16.     Neither the Court nor the Probation Office is a party to the Plea Agreement. Neither the Court nor the Probation Office is bound by the Plea Agreement as to determining the Sentencing Guideline range. The Court may apply other adjustments the parties have not agreed upon. The Court may also depart from the applicable Guideline range. See USSG § 1B1.1, app. n. 1(F). The Court may also vary or impose a sentence that is outside the Guideline framework. See USSG § 1B1.1, background. Both parties reserve the right to object to any adjustment, departure, or variance not agreed to.

17.     At sentencing, the parties jointly will recommend:

(a)     A sentence of probation for a period of two years, so long as the Court determines the defendant's applicable guideline range falls within Zone A, and, if outside of Zone A, at the low-end of the applicable guideline range; and

(b)     A fine of $15,000 in lieu of any seizure and forfeiture otherwise available to the United States under 8 U.S.C. §1324(b) and 28 U.S.C. § 2461(c), for which payment or adherence to a court-established installment schedule shall be a condition of any probation or supervised release the Court may impose.

18.     Defendant acknowledges and understands that if defendant violates any term of this Plea Agreement, engages in any further criminal activity, or fails to appear for sentencing, the United States will be released from its commitments. In that event, this Plea Agreement shall become null and void at the discretion of the United States, and defendant will face the following consequences: (1) all testimony and other information defendant has provided at any time to attorneys, employees, or law enforcement officers of the government, to the Court, or to the Federal Grand Jury, may be used against

defendant in any prosecution or proceeding; and (2) the United States will be entitled to reinstate previously dismissed charges and/or pursue additional charges against defendant and to use any information obtained directly or indirectly from defendant in those additional prosecutions. Nothing in this agreement prevents the United States from prosecuting defendant for perjury, false statement(s), or false declaration(s), if defendant commits such acts in connection with this agreement or otherwise.

19. Defendant acknowledges the provisions of Title 18, United States Code, Sections 2259 and 3663A, which require the Court to order restitution. Defendant agrees to pay restitution as may be ordered by the Court. Defendant acknowledges and agrees that the Court will order defendant to make restitution for all loss caused by defendant's conduct, regardless of whether counts of the Information will be dismissed as part of this Plea Agreement. Defendant further agrees to grant the United States a wage assignment, liquidate assets, or complete any other tasks the Court finds reasonable and appropriate for the prompt payment of any restitution or fine ordered by the Court.

20. The United States will file a Supplement in this case, as is routinely done in every case, even though there may or may not be any additional terms. Defendant and defendant's attorney acknowledge that no threats, promises, or representations exist beyond the terms of this Plea Agreement.

21. **Defendant's Waiver of Appeal.** The defendant acknowledges having been advised by counsel of the defendant's rights to appeal the conviction or sentence in this case, including the appeal right conferred by 18 U.S.C. § 3742, and to challenge the conviction or sentence collaterally through post-conviction proceedings, including

proceedings under 28 U.S.C. § 2255. The defendant understands these rights, and in exchange for the concessions made by the United States in this plea agreement, the defendant hereby knowingly, voluntarily, intelligently, and expressly waives these rights, except as specifically reserved herein. The defendant's waiver of these rights includes, but is not limited to, a waiver of all rights to appeal or to collaterally attack: the defendant's conviction or sentence; all non-jurisdictional issues; any restitution or forfeiture order; the constitutionality of the applicable guidelines; and the constitutionality of the statutes to which defendant is pleading guilty or under which defendant is sentenced, or to argue that the admitted conduct does not fall within the scope of the statutes. The defendant reserves the right to appeal a sentence of imprisonment imposed above the upper end of the guidelines range calculated by the district court under USSG §§ 1B1.1(a) and (b) and the right to appeal or to collaterally attack the conviction or sentence based on a claim of ineffective assistance of counsel.

22. By signing this Plea Agreement, the defendant further specifically waives defendant's right to seek to withdraw defendant's plea of guilty, pursuant to Federal Rules of Criminal Procedure 11(d), once the plea has been entered in accordance with this agreement. The appellate court will enforce such waivers. The defendant agrees that any attempt to withdraw defendant's plea will be denied and any appeal of such denial should be dismissed.

23. The Assistant United States Attorney and attorney for defendant agree to abide by the provisions of Rule 32(f) of the Federal Rules of Criminal Procedure. The attorneys acknowledge their obligation to use good-faith efforts to resolve any disputes

regarding the Presentence Investigation Report (PSIR) through a presentence conference or other informal procedures.

24. Defendant acknowledges reading and understanding all provisions of the Plea Agreement. Defendant and defendant's attorney have discussed the case and reviewed the Plea Agreement. They have discussed defendant's constitutional and other rights, including, but not limited to, defendant's plea-statement rights under Rule 410 of the Federal Rules of Evidence and Rule 11(f) of the Federal Rules of Criminal Procedure.

AGREED:

JENNIFER KLEMETSRUD PUHL
United States Attorney

Dated: June 18, 2025

By: ALEXANDER J. STOCK
Assistant United States Attorney

Dated: 06-18-2025

MING SUN CHEUNG
Defendant

Dated: 6/18/2025

JEFFREY SPROUT
Attorney for Defendant